Randy ANDERSON

v.

STATE.

No. 2003–558–C.A.

Supreme Court of Rhode Island.

July 8, 2005.

James T. McCormick, Providence, for plaintiff.

Virginia M. McGinn, Providence, for defendant.

**O R D E R**

This case came before the Supreme Court on May 10, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. We affirm the judgment.

The petitioner, Randy Anderson (Anderson or petitioner), was convicted of one count of a two-count indictment charging him with first-degree child molestation. His appeal from that conviction was denied in *State v. Anderson,* 752 A.2d 946 (R.I. 2000). Subsequently, he petitioned the Superior Court for postconviction relief arguing ineffective assistance of counsel. Before the Superior Court, petitioner was provided with a court-appointed attorney, who submitted a memorandum of law concluding that petitioner's claims of ineffec-

tive assistance of counsel lacked merit and requesting that the court discharge him from representing petitioner in that proceeding in order to avoid violating Rule 11 of the Superior Court Rules of Civil Procedure. The petition for postconviction relief was denied without a hearing. This Court remanded the case for a hearing in accordance with *Shatney v. State,* 755 A.2d 130 (R.I.2000). The petitioner was provided new counsel and proceeded to a hearing on remand.

The petitioner contended that his trial attorney failed to fully exploit the complainant's prior inconsistent statements and her admissions in order to impeach her credibility. Also, petitioner contends his trial counsel failed to object, on hearsay grounds, to the testimony of another witness, Lindsay Wallace. He contended that defense counsel should have moved to admit, as a full exhibit, a page of the complainant's police statement, which had been edited by a police officer. However, Anderson acknowledged that his counsel had raised this issue at trial and that the police statement "was probably not admissible substantively." Also, petitioner contended that his lawyer failed to request records from the Department of Children, Youth and Families (DCYF) and to locate the complainant's medical records, which he claimed would show no evidence of any physical injury to the complainant.

The hearing justice, who also was the trial justice, denied the petition on the ground that Anderson had failed to satisfy the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] He concluded that

1. The petitioner bears the burden of proving a claim of ineffective assistance of counsel, and to succeed, he must satisfy the standard announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State*

*v. Brennan,* 627 A.2d 842, 844–45 (R.I.1993). This test requires that:

"[F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning

petitioner was effectively represented at trial. The trial justice held that petitioner failed to establish that he was prejudiced by his attorney's performance. He noted that the victim was "severely cross-examined" and "challenged on the stand" by defense counsel and that the admission of Lindsay Wallace's hearsay evidence was not prejudicial because it was replicated by the testimony of another witness. Further, petitioner admitted that DCYF's policy called for the destruction of relevant records before defense counsel had even been appointed in this case. Finally, the hearing justice found that the probative value of medical records prepared a month after the incident, offered to prove that no molestation had occurred, was "highly speculative." The hearing justice pointed to the acquittal on one count of the indictment as testament to the effective representation that defendant received at trial. We agree with these findings.

This Court will not disturb the decision of a hearing justice on a motion for post-conviction relief based on ineffective assistance of counsel unless "the hearing justice was clearly wrong or when it is clear that material evidence has been overlooked or

misconceived." *State v. Brennan,* 627 A.2d 842, 845 (R.I.1993). In this case, we are satisfied that the hearing justice neither was clearly wrong nor overlooked or misconceived material evidence. The petitioner was represented at trial by a highly skilled and respected court-appointed lawyer, who undertook a lengthy and pointed cross-examination of the complaining witness spanning more than 100 pages of trial transcript. Notwithstanding this advocacy, the jury chose to believe the complainant and returned a verdict of guilty on one of two counts. The conviction in this case was not a result of petitioner's attorney but, rather, the weight of the credible evidence against Anderson.

For the reasons stated herein, the petitioner's appeal is denied and dismissed. The order of the Superior Court is affirmed, and the papers in this case are to be remanded to the Superior Court.

---

as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 845 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).